UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEXANDER VUCKOVIC, Individually and On Behalf of All Others Similarly Situated,<br><br>                                    Plaintiff,<br><br>    v.<br><br>KT HEALTH HOLDINGS, LLC and KT HEALTH, LLC,<br><br>                                    Defendants. | C.A. No: 1:15-cv-13696-GAO<br><br>**Leave to File Granted on July 6, 2016** |

## <u>SECOND AMENDED CLASS ACTION COMPLAINT</u><br><u>JURY TRIAL DEMANDED</u>

### <u>Introduction</u>

Plaintiff, Alexander Vuckovic ("Plaintiff"), by and through his undersigned counsel of record, on behalf of himself and all others similarly situated, submits this class action complaint ("Complaint") against Defendants KT Health Holdings, LLC and KT Health, LLC (formerly Lumos, Inc.), (collectively, "KT Health" or "Defendants"), and based upon personal knowledge as to his own acts and circumstances and based upon information and belief as to all other matters, alleges as follows.

1.      This case pertains to the false representations by KT Health which have been made in a concerted and orchestrated effort to prey on consumers' eternal hope that products exist that can quickly and effortlessly alleviate their pain.

2.      This case also involves claims for physical injury sustained by Plaintiff as a result of using KT Tape.[1]

3.      KT Health has deceptively represented that by simply applying strips of bright, stretchy fabric with an adhesive backing onto the skin above an injured area, consumers can obtain relief from pain, recover faster, and receive treatment from a myriad of common injuries such as achilles tendonitis, tennis elbow, plantar fasciitis, rib pain, runner's knee, and shin splints.

4.      KT Health's calculated product placement on the bodies of Olympic athletes and famous sports stars has, remarkably, given life to a new product called "kinesiology tape" or kinesio tape."

5.      The product being sold by KT Health is nothing but a scientific-sounding, made-up word: "Kinesio Tape" or "KT Tape" for short.  KT Health manufactures and sells several products under the name of KT Tape:  KT Tape (also referred to as KT Tape Cotton or KT Original), KT Tape Pro, KT Tape ProX Patches, KT Tape Clinical, and KT Tape Limited Editions.[2]  These products are referred to collectively herein as "KT Tape" or "KT Tape Product(s)."

6.      KT Tape is not wound around portions of the body (as is the case with traditional athletic tape), but instead is pre-stretched and then stuck onto the skin above the injury.

7.      The concept for KT Tape is not even an original one: a Japanese chiropractor named Kenzo Kase came up with the idea in the 1970s.  The idea was as lacking in substance or

[1] The claims asserted herein for physical injury to Plaintiff are not asserted as class claims, but only on Plaintiff's own behalf.

[2] KT Tape Clinical is simply a differently packaged version of KT Tape or KT Tape Pro, available pre-cut or uncut, allowing for larger volume purchases, primarily for trainers and physical therapists.  The KT Tape Limited Editions differ from the other KT Tape Products only cosmetically, in pattern and color, but are otherwise the same as the other KT Tape Products, and subject to the same claims and representations.

merit then as it is now. KT Health's creative and aggressive marketing efforts are the only reason that KT Health has been able to sell so much of this product at premium prices.

8. Traditional or standard athletic tape, which is commonly used to provide support and compression, (*i.e* wrapping around a football player's sprained ankle) has a recognized place in sports medicine, but KT Tape does not.

9. In contrast to its common white cotton fabric tape counterpart (traditional athletic tape), KT Tape has a colorful sheen, and is the opposite of regular athletic tape, as KT Tape is supposed to lift the skin (as opposed to compressing it).

10. There is some suggestion that purchasers could benefit from a placebo effect when using KT Tape: "Some experts have suggested there may be a placebo effect in using the tape, with athletes believing it will be helpful," [but] "[n]o clinically important results were found to support the tape's use for pain relief."[3] KT Health does not disclose to consumers that if there are any health benefits to be obtained from KT Tape, they are limited to the placebo effect.

11. Through misleading statements in its labeling, advertising, and marketing of its so-called "Kinesiology Therapeutic Tape" or "KT Tape," KT Health has promoted the myth that its products work to treat a variety of sports-related injuries.

12. KT Health profits handsomely by making misleading claims that the KT Tape Products have unique pain and injury-negating effects when applied to human skin.

13. The KT Tape Products' packaging makes the following representations, among others:

- "For **Pain Relief** and Support" (emphasis added) (KT Tape and Tape Pro)

---

[3] Kinesio Tape for Athletes: A Big Help, or Hype? http://www.webmd.com/fitness-exercise/kinesio-tape-athletes-help-hype, last accessed October 22, 2015.

- "For Common Injuries": carpal tunnel, hamstring strain, wrist pain, runner's knee, neck strain, calf strain, **shoulder pain**, achilles tendonitis, tennis elbow, plantar fasciitis, golfer's elbow, shin splints, rib pain, ankle sprain, gluteus sprain, and quad sprain (emphasis added) (KT Tape and KT Tape Pro)

- "For Targeted **Pain Relief**" (emphasis added) (KT Tape Pro X Patches)

- "For Targeted—Muscle—**Pain Relief**" (emphasis added) (KT Tape Pro X Patches)

- "For Fast, Easy **Pain Relief**" from "Muscle Pains, Overuse Injuries, Tendonitis … and More." (emphasis added) (KT Tape Pro X Patches)

14.     Every package of KT Tape contains the above claims and representations such that every consumer who purchases a KT Tape Product is exposed to these claims and representations.

15.     In addition, the website, www.kttape.com, contains the following false representations[4] concerning the KT Tape Products:

- "KT TAPE is an elastic sports and fitness tape designed for muscle, ligament and tendon **pain relief** and support." (emphasis added) (all KT Tape Products)

- KT Tape "can be used for hundreds of common injuries such as lower back **pain**, knee **pain**, shin splints, carpal tunnel syndrome, and tennis elbow, just to name a few." (emphasis added) (all KT Tape Products)

- KT Tape "provides 24 hour **[pain] relief** per application for days at a time through sweat, strain and humidity" (emphasis added) (all KT Tape Products)

- KT Tape "provides **targeted pain relief** and will stay in place through multiple workouts for up to 3 days, through daily showers, humidity, cold, even in the pool." (emphasis added) (KT Tape)

- "SORE MUSCLES, JOINTS, AND TENDONS—REJOICE" (KT Tape and KT Tape Pro)

---

[4] http://www.kttape.com/store/kttape.html#tabDesc, last accessed on October 19, 2015.

- KT Tape Pro "is just what the trainer ordered. It will keep you **pain free** and supported exactly where you need it." (emphasis added)

- "KT TAPE PRO X provides targeted relief for muscle **pain**, overuse injuries, and tendon-related pain and injuries."  (emphasis added)

16.     Every package of KT Tape and KT Tape Pro plainly represents that KT Tape treats 16 specific injuries:

**FOR COMMON INJURIES**

CARPAL TUNNEL
HAMSTRING STRAIN
WRIST PAIN
RUNNER'S KNEE
NECK STRAIN
CALF STRAIN
SHOULDER PAIN
ACHILLES TENDONITIS
TENNIS ELBOW
PLANTAR FASCIITIS
GOLFER'S ELBOW
SHIN SPLINTS
RIB PAIN
ANKLE SPRAIN
GLUTEUS SPRAIN
QUAD STRAIN

17.     Every package of KT Tape Pro X Patches adds tendonitis to the list of specific injuries it will treat, and includes additional catch-all or general pain relief claims:

**FOR FAST, EASY PAIN RELIEF**

MUSCLE PAINS
OVERUSE INJURIES
TENDONITIS
…AND MORE

18.     Videos on KT Health's website[5] and YouTube Channel[6] instruct users on how to apply KT Tape to supposedly gain relief from a long list of painful ailments.[7]

---

[5] http://www.kttape.com/instructions/, last accessed on October 19, 2015.

19.     Unfortunately for consumers, the pain relief and injury treatment claims made by KT Health are false, deceptive, and misleading.  KT Tape Products are not the panacea they are claimed to be.

20.     As a result, KT Health's marketing and advertising campaign is the same as that of the quintessential snake-oil salesman – KT Health dupes consumers with false and misleading promises of results it knows it cannot deliver, and does so with one goal in mind – selling larger volumes of KT Tape Products to consumers and reaping enormous profits.

21.      As explained more fully herein, KT Health has made, and continues to make, false, deceptive and misleading claims and promises to consumers about the efficacy of KT Tape in a pervasive, nation-wide marketing scheme that misleads consumers about the true nature of the products.  KT Tape Products do not perform as claimed by KT Health.

22.     The premise that there are any health benefits to be derived by tensioning or adjusting the skin through the application of stretchable sports tape, known as "kinesiology tape" or kinesio tape" (such as increasing blood flow) is not supported by scientific evidence, and is not accepted by the medical community.

23.     To the contrary, there are numerous recently published, peer-reviewed, scholarly articles revealing the ineffective and useless nature of kinesiology tape.  The conclusions of these studies unmask the deception utilized by KT Health to market KT Tape:

- Conclusion: "This review provides the most updated evidence on the effectiveness of the Kinesio Taping for musculoskeletal conditions. The

---

[6] https://www.youtube.com/user/LumosInc, last accessed on October 19, 2015.

[7] "LEGS: IT Band Hip, Calf, Shin Splints, Posterior Shin Splints, Quad, Hamstrings, Groin, Hip Flexor, Gluteus, Knees, Outer Knee, Inner Knee, Full Knee Support, Osgood Schlatter, Back of Knee; ANKLES/FEET: Achilles Tendonitis, Ankle Stability, Plantar Fasciitis, Peroneal Tendonitis, Ball of Foot, Heel, Bunion, Turf Toe; TRUNK/BACK: SI Joint, Low Back, Middle Back, Ribs, Spine, Abdominals; NECK/SHOULDERS: Neck & Shoulder, General Shoulder, Rotator Cuff, AC Joint, Shoulder Stability; ARMS/HANDS: Wrist, General Elbow, Golfer's Elbow, Tennis Elbow, Finger Jam, Thumb, Bicep, Tricep."

current evidence does not support the use of this intervention in these clinical populations."[8]

- Conclusion: "The application of Kinesio Taping, with the aim of stimulating the lymphatic system, is ineffective in decreasing acute swelling after an ankle sprain in athletes."[9]

- Conclusion: "Kinesio Taping applied with stretch to generate convolutions in the skin was no more effective than simple application of the tape without tension for the outcomes measured. These results challenge the proposed mechanism of action of this therapy."[10]

- Conclusion: "There was no substantial evidence to support the use of KT for improvements in other musculoskeletal outcomes (pain, ankle proprioception or muscle activity)."[11]

24.     Pseudoscience, deceptive and misleading claims of purported health benefits, and celebrity athlete endorsements--instead of valid research and innovation and actual ability to treat injuries and provide pain relief-- are responsible for the massive sales of KT Tape.

25.     Despite the falsity of Defendants' claims and assertions, when KT Health introduced KT Tape in the United States sports market in 2008, it launched a massive advertising and marketing campaign prominently featuring "Targeted Pain Relief" as a benefit of KT Tape, while associating the product with images of the world's most elite athletes:

---

[8] Current evidence does not support the use of Kinesio Taping in clinical practice: a systematic review, Journal of Physiotherapy 60 (2014) 31–39, last accessed on October 19, 2015 from http://www.sciencedirect.com/science/article/pii/S1836955314000095.

[9] Kinesio Taping does not decrease swelling in acute, lateral ankle sprain of athletes: a randomised trial, Journal of Physiotherapy 61 (2015) 28–33), last accessed on October 19, 2015 from http://www.sciencedirect.com/science/article/pii/S1836955314001489.

[10] Kinesio Taping to generate skin convolutions is not better than sham taping for people with chronic non-specific low back pain: a randomised trial, Journal of Physiotherapy 60 (2014) 90–96, last accessed on October 19, 2015 from http://www.sciencedirect.com/science/article/pii/S1836955314000368.

[11] Kinesio Taping in Treatment and Prevention of Sports Injuries A Meta-Analysis of the Evidence for its Effectiveness, Sports Medicine (Auckland, N.Z.) [Sports Med] 2012 Feb 1; Vol. 42 (2), pp. 153-64.







26.     Defendants' nationwide multimedia advertising campaign has been extensive and comprehensive.  KT Health has spent millions of dollars on, among other things, print and television advertisements[12] intended to convey these deceptive messages to consumers throughout the United States, including Plaintiff and the other Class members.  KT Health's advertising campaign for KT Tape is continuing through the present.

27.     As a result of KT Health's false claims about the benefits of KT Tape, consumers, including Plaintiff and other Class members, have paid a premium price for a product that does not perform as claimed and advertised.

28.     Defendants have been able to charge, and Plaintiff and the other members of the proposed Class have paid, a price premium for KT Tape over traditional athletic tape.  KT Health has used deceptive claims regarding the purported benefits of KT tape to charge a premium approximately ten times the price of traditional athletic tape, and has achieved massive sales of KT Tape as a result.

29.     KT Health's false, deceptive and misleading representations about the pain-relieving and injury-treating properties of KT Tape were and are material; there would be no reason for a consumer to purchase a KT Tape Product and pay a premium price for it (over and above the price of traditional athletic tape) if not for the claims and representations about KT Tape's ability to relieve pain and treat a variety of injuries.

30.     Plaintiff brings this lawsuit against KT Health on behalf of himself and a Massachusetts Class of similarly situated purchasers of KT Tape, alleging claims of unfair and deceptive conduct in violation of G.L. c. 93A, § 2, untrue and misleading advertising in violation of G. L. c. 266 §91, and unjust enrichment.

---

[12] https://www.youtube.com/watch?v=fxfKWyufp14, last accessed October 19, 2015.

31.     After using and removing the KT Tape product, Plaintiff experienced skin redness and irritation, causing him pain and discomfort.  Plaintiff seeks relief on an individual basis only for the personal injury he suffered as a result of his use of  the KT Tape product.

**Parties**

32.     Plaintiff is an individual residing in Cambridge, Middlesex County, Massachusetts.

33.     Defendant KT Health Holdings, LLC ("KT Health Holdings") is a for-profit corporation, organized under the laws of Delaware, with a principal place of business at 7 South 1550 West #600, Lindon, Utah.  KT Health Holdings is owned by Palladin Consumer Retail Partners, LLC.  KT Health Holdings sells KT Tape Products in the Commonwealth of Massachusetts and throughout the United States.

34.     Defendant KT Health, LLC is a for-profit corporation, organized under the laws of Delaware, with a principal place of business at 7 South 1550 West #600, Lindon, Utah.  KT Health, LLC is owned by Palladin Consumer Retail Partners, LLC.  KT Health, LLC sells its products in the Commonwealth of Massachusetts and throughout the United States.

**Jurisdiction and Venue**

35.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 Class members and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from that of Defendants.

36.     This Court has personal jurisdiction over Defendants pursuant to G. L. c. 223A, § 3(a), because: (a) Defendants regularly transact and have transacted business in the Commonwealth of Massachusetts by selling products to Massachusetts customers; (b)

Defendants have committed torts within the Commonwealth of Massachusetts; (c) Defendants solicit business within the Commonwealth of Massachusetts; and (d) the acts or conduct that are the subject matter of this action arose from Defendants' transaction of business in Massachusetts.

37.    Pursuant to 28 U.S.C. § 1391, venue is proper in this Court because:  (a) a substantial part of the events, omissions and acts giving rise to the claims herein occurred in this District; (b) Defendants distributed, advertised and sold KT Tape Products, which are the subject of the present Complaint, in this District; and (c) Plaintiff resides in this District.

### Facts Relating to KT Health's False, Deceptive, and Misleading Advertising and Marketing

38.    KT Health designs, manufactures, markets, distributes, and sells KT Tape.

39.    KT Health began selling KT Tape in the United States in 2008.

40.    KT Health has claimed consistently that its KT Tape Products relieve pain and treat a variety of injuries (as described in greater detail above and below).

41.    For example, in August of 2012, KT Health LLC Chief Executive Officer, John MacKay, boasted in a press release concerning KT Health LLC's sponsorship of a famous triathlete: "Triathletes test the boundaries of human endurance.  KT Tape enables them to go the distance, both in and out of the water, without being sidelined by injuries and pain."[13]

42.    KT Health's marketing department has continuously promoted the falsehood that KT Tape differs from, and is superior to traditional athletic tape, by claiming that it is used to "treat and prevent hundreds of common injuries."[14]

43.    KT Health repeats its misrepresentations about KT Tape (that it relieves pain and is a panacea for common musculo-skeletal ailments) on its website, located at www.KT

---

[13] http://fortyninegroup.com/tag/kt-tape/ last accessed on October 19, 2015.

[14] *Id.*

Tape.com which is available to the general public. Below are reproductions of images and representations found on the KT Health website:

### WHAT IS KT TAPE

KT Tape is an elastic sports and fitness tape designed for muscle, ligament and tendon **pain relief** and support. (Emphasis added.)

### WHO IS IT FOR?

Whether you're training for your first marathon, getting ready for your next game, reaching a personal fitness goal, or just trying to get through the day, you already know that nothing slows you down faster than pain and injury. KT TAPE is lightweight, comfortable to wear, and can be used for **hundreds of common injuries** such as lower back pain, knee pain, shin splints, carpal tunnel syndrome, and tennis elbow, just to name a few. (Emphasis added.)

KT TAPE not only looks good, but it also provides **24 hour relief** per application for days at a time through sweat, strain and humidity, and can even be worn in water thanks to our specially designed adhesive. (Emphasis added.)

### DESIGNED TO GIVE YOU PAIN RELIEF AND SUPPORT

KT TAPE is applied along muscles, ligaments, and tendons (soft tissue) to provide a lightweight, external support that helps you remain active while recovering from injuries. KT Tape creates neuromuscular feedback (called proprioception) that inhibits (relaxes) or facilitates stronger firing of muscles and tendons. This feedback creates support elements without the bulk and restriction commonly associated with wraps and heavy bracing. KT Tape gives you confidence to perform your best.[15]

### KT TAPE PRO

---

[15] http://www.kttape.com/what-is-kt-tape/, last accessed on October 30, 2015.



**SORE MUSCLES, JOINTS, AND TENDONS – REJOICE**

Need support that will endure your toughest workout? KT TAPE PRO is just what the trainer ordered. It will keep you **pain free** and supported exactly where you need it. (Emphasis added.)  KT TAPE PRO will stay in place through multiple demanding workouts for up to seven days. KT TAPE PRO will stick with you in the harshest conditions including daily showers, humidity, cold, even in the pool.

KT TAPE PRO is performance engineered to work in the harshest environments. It's the world's only 100% synthetic kinesiology tape, re-engineered with stronger adhesive, to outlast anything you can throw at it.

Each box comes with 20 precut strips of 100% synthetic tape. One hard plastic carrying case with twist on lids to keep your tape in good shape in your gym bag or purse. One Quick Start Guide with step-by-step instructions on the most common injuries and one KT sticker.[16]

**KT TAPE**

---

[16] http://www.kttape.com/store/#tabDesc, last accessed on October 30, 2015.



**SORE MUSCLES, JOINTS AND TENDONS-REJOICE**

Need support that will endure multiple lighter workouts? Then original KT TAPE is for you. It provides **targeted pain relief** and will stay in place through multiple workouts for up to 3 days, through daily showers, humidity, cold, even in the pool. (Emphasis added.)

Each box comes with 20 precut strips of tape on a roll and a quick start guide with step-by-step instructions for the most common injuries.[17]

**KT TAPE PRO X**

---

[17] http://www.kttape.com/store/kttape.html#tabDesc, last accessed on October 30, 2015.



ELASTIC SPORTS PATCHES
FOR TARGETED **PAIN RELIEF**

Convenient and easy to apply
Use in place of KT TAPE half strips
Use with 10-inch strips or alone for **pain relief** (Emphasis added.)

KT TAPE PRO X™ is a kinesiology patch specially designed to provide targeted relief for muscle **pain**, overuse injuries, and tendon-related **pain and injuries**. KT TAPE PRO X patches were developed for the on-the-go, active consumer who appreciates a healthy lifestyle and doesn't want to be slowed down by **pain** or complex taping applications. KT TAPE PRO X will stay in place through multiple demanding workouts for up to 3-5 days (Emphasis added.)

Each box comes with 15 precut X patches. One hard plastic carrying case will help keep your patches in good shape in your gym bag or purse. One Quick Start Guide with step-by-step instructions on the most common injuries is included as well.[18]

44.     KT Health publishes videos on its website that purport to show how KT tape is

utilized to treat musculo-skeletal problems and conditions, such as Osgood-Schlatter disease and

Illiotibial Band Syndrome ("ITBS").  Alongside such videos, KT Health makes injury treatment

---

[18] http://www.kttape.com/store/pro-x/kt-tape-pro-x.html#tabDesc, last accessed on October 22, 2015.

claims such as "KT Tape application for ITBS at the knee is very helpful in relieving much of the associated pain by relieving pressure over the bony prominence (sore spot) and in turn increases circulation. Functional support is provided to the musculature as well.  These functions help relieve pain and promote the healing process."[19]

45.     KT Health sells KT Tape Products to United States consumers through a variety of different channels, including through independent retailers (such as CVS, Rite-Aid, Target, Amazon, Foot Locker and Walmart), and through KT Health's website, www.KT Tape.com.

46.     Plaintiff purchased KT Tape Pro from a pharmacy in Boston, Massachusetts, for personal use, during the Class Period.

47.     Plaintiff saw and read KT Health's misrepresentations on the KT Tape Product packaging as described more fully herein, including the claims that KT Tape is for "shoulder pain," and that use of KT Tape is for "pain relief," and causes purchasers to "recover faster." These claims and representations were material to Plaintiff's purchase of KT Tape.

48.      Plaintiff purchased KT Tape based on KT Health's material misrepresentations and would not have purchased KT Tape, or would not have paid a premium price for it, had KT Health not made such false, misleading and deceptive claims and instead disclosed the true nature of its KT Tape Products.

49.     Despite Plaintiff's use of this product for his shoulder pain as instructed on the product packaging, the KT Tape did not perform as claimed and advertised.

50.     In addition to the fact that the KT Tape did not perform as promised, Plaintiff noticed redness and experienced skin irritation in the area where the KT Tape had been applied.

---

[19] http://www.kttape.com/instructions/outer-knee/#pnlReadMoreAfter, last accessed on October 19, 2015.

The redness and irritation experienced by Plaintiff was a proximate result of his use of the KT

Tape, and it caused him pain and discomfort.

51.     Plaintiff's claims for physical injuries, including claims for pain and discomfort

from the skin irritation are brought by Plaintiff only in his individual capacity and not as class

claims.

## Class Allegations

52.     Plaintiff brings this action as a class action, pursuant to Fed. R. Civ. P. 23, on

behalf of a Class consisting of:

> All persons who purchased KT Tape Products in the Commonwealth of
> Massachusetts on or after October 30, 2011 (the "Class").

53.     Excluded from the Class are Defendants and their subsidiaries and affiliates,

governmental entities, and the judge to whom this case is assigned and any immediate family

members thereof.  Plaintiff reserves the right to modify or amend the Class definition, as

appropriate.  In addition, all claims for personal injury, including Plaintiff's claims for personal

injury, as set forth herein, are expressly excluded from the Class claims.

54.     Certification of Plaintiff's claims for class-wide treatment is appropriate because

Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as

would be used to prove those elements in individual actions alleging the same claims.

55.     **Numerosity – Fed. R. Civ. P. 23(a)(1)**.  The Class is so numerous that individual

joinder of all Class members is impracticable.  Plaintiff is informed and believes that there are at

least hundreds, if not thousands of Class members.  The precise number of Class members and

their addresses are unknown to Plaintiff, but may be ascertained from Defendants' books and

records.  Class members may be notified of the pendency of this action by recognized, Court-

approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

56.    **Commonality and Predominance – Fed. R. Civ. P. 23(a)(2) and 23(b)(3)**.  This action involves common questions of law and fact, which predominate over any questions affecting only individual Class members.  All Class members were subject to the same business practices complained of, KT Health's marketing and sales of KT Tape Products. All Class members were exposed to the same false and misleading claims and representations on the KT Tape packaging about KT Tape's ability to relieve pain and treat a variety of injuries, and they all purchased KT Tape Products as a result of those claims and representations.

57.    There are questions of law and fact common to the Class, which predominate over any issues specific to individual Class members.  The principal common questions include:

   a)    whether KT Health advertises or markets the KT Tape Products in a way that is false, deceptive, or misleading;

   b)    whether, by the misconduct set forth in this Complaint, KT Health has engaged in unfair, deceptive or unlawful business practices with respect to the labeling, advertising, marketing and sales of the KT Tape Products;

   c)    whether KT Health failed to disclose material facts regarding KT Tape Products;

   d)    whether KT Health violated Massachusetts General Laws Chapter 93A, § 2, and regulations promulgated thereunder;

   f)    whether KT Health was unjustly enriched by its conduct; and

   g)    whether, as a result of KT Health's misconduct as alleged herein, Plaintiff and Class members are entitled to restitution, injunctive and/or monetary relief and, if so, the amount and nature of such relief.

58.    **Typicality – Fed. R. Civ. P. 23(a)(3)**.  Plaintiff's claims are typical of the claims of the other members of the Class because, among other things, all Class members were similarly

injured through the uniform misconduct described herein, and all Class members have the same claims, *i.e.,* that Defendants made false and misleading product claims.

59. **Adequacy of Representation – Fed. R. Civ. P. 23(a)(4)**. Plaintiff is an adequate Class representative because his interests do not conflict with the interests of the other members of the Class he seeks to represent; he has retained counsel competent and experienced in class action litigation; and Plaintiff intends to prosecute this action vigorously. The Class's interests will thus be fairly and adequately protected by Plaintiff and his counsel.

60. **Superiority – Fed. R. Civ. P. 23(b)(3)**. A class action is superior to any other available methods for fairly and efficiently adjudicating this controversy, and no unusual difficulties are likely to be encountered in the management of this case as a class action. The damages or other financial detriment suffered by Plaintiff and the other members of the Class are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendants, so it would be impracticable for Class members to individually seek redress for Defendants' wrongful conduct. Even if the Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

<u>**Claims for Relief**</u>

**COUNT I: UNJUST ENRICHMENT**
**(ON BEHALF OF THE CLASS)**

61. Plaintiff incorporates each of the foregoing allegations as if fully set forth herein.

62.     Plaintiff and the other Class members conferred a benefit upon KT Health, in the form of the excess prices they paid for KT Tape over and above the actual value of the product.

63.     KT Health had an appreciation or knowledge of the excess prices paid for KT Tape by Plaintiff and the other members of the Class, as demonstrated by the fact that KT Tape offers no benefits not available from traditional athletic tape costing substantially less and unaccompanied by such claims.

64.     KT Health's acceptance or retention of these benefits is inequitable under the circumstances as outlined above.

65.     Plaintiff, on behalf of himself and the other members of the Class, seeks restitution or, in the alternative, imposition of a constructive trust on the funds inequitably received and retained.


**COUNT II: UNTRUE AND MISLEADING ADVERTISING UNDER G. L. c. 266, § 91**
**(ON BEHALF OF THE CLASS)**

66.     Plaintiff incorporates each of the foregoing allegations as if fully set forth herein.

67.     KT Health's labeling, advertising, promotion, and marketing of KT Tape is untrue, deceptive and misleading, in violation of G. L. c. 266, § 91.

68.     At all times relevant to this action, KT Health knew, or could, upon reasonable investigation have ascertained that it's labeling, advertising, marketing, and promotion of KT Tape was untrue, deceptive and misleading.

69.     KT Health's untrue, deceptive and misleading labeling, advertising, marketing and promotion of KT Tape has continued throughout the Class Period, and is continuing as of the present date.

70.     As purchasers of KT Tape who were aggrieved by KT Health's untrue and misleading advertising (in that Plaintiff and the other Class members purchased a product that did not conform to the claims and representations made about it by KT Health, including claims about "pain relief," "increased muscle activation" and other claims and representations), Plaintiff is entitled to and brings this class action to seek all available remedies under G. L. c. 266, § 91, including injunctive relief.  The injunctive relief would include an Order directing KT Health to cease its false and misleading labeling and advertising, retrieve existing false and misleading advertising and promotional materials, and publish corrective advertising.

## COUNT III: UNFAIR AND DECEPTIVE CONDUCT IN VIOLATION OF G. L. c. 93A, §2 (ON BEHALF OF THE CLASS)

71.     Plaintiff incorporates each of the foregoing allegations as if fully set forth herein.

72.     KT Health's conduct, as alleged herein, constitutes unfair or deceptive acts or practices and unfair methods of competition in trade or commerce in violation of G. L. c. 93A, § 2 and the regulations promulgated thereunder, including, without limitation, 940 C.M.R. §§ 3.02 (2), 3.05(1) and (2), 3.08(2) and 3.16(2).

73.     KT Health's unlawful conduct includes its false and misleading statements, representations, and depictions in its labeling and advertising for KT Tape, as alleged in greater detail above.  Such conduct injured Plaintiff and each of the other Class members, in that: (a) they paid more for the falsely advertised KT Tape Products than they would have paid (i) for KT Tape, absent the false and misleading claims or (ii) for traditional athletic tape; or (b) they purchased KT Tape Products that, absent the false and misleading claims, they would not have purchased at all.

74.     Alternatively, even in rare instances where Class members did not pay higher prices for KT Tape than they would have paid for the Products, absent the false and misleading

claims, or for traditional athletic tape, at the time of their purchase, those Class members were injured in that the KT Tape Products they purchased were and continue to be, due to the false advertising, worth less than the amounts they paid for them at the time of purchase.

75.     KT Health's unfair or deceptive acts or practices, as alleged herein, were willful or knowing violations of G. L. c. 93A, § 2, within the meaning of G. L. c. 93A, § 9(3).

76.     Plaintiff and the other members of the Class have been injured by KT Health's unfair or deceptive acts or practices and unfair methods of competition, as described above.

77.     Pursuant to G. L. c. 93A, §§ 9(3) and 9(4), Plaintiff and each of the other members of the Class are entitled to recover statutory damages or actual damages, including recovery of double or treble the amount of their actual damages, plus their reasonable attorneys' fees and the costs of this action.

78.     Plaintiff and the other members of the Class are also entitled to injunctive relief in the form of an order directing KT Health to cease its false and misleading labeling and advertising, retrieve existing false and misleading labeling, advertising and promotional materials, and publish corrective advertising.

79.     On or about August 14, 2015, Plaintiff sent a written demand for relief to Defendants, pursuant to G.L. c. 93A, §9(3).  Defendants have failed to make a reasonable offer of relief in response to Plaintiff's demand.

## COUNT IV:  NEGLIGENCE
## (AS TO PLAINTIFF ONLY)

80.     Plaintiff incorporates each of the foregoing allegations (except the class allegations) as if fully set forth herein.

81.     Plaintiff brings this claim only on his own behalf and not on behalf of the Class.

82.      Defendants were negligent in their manufacture and design of the KT Tape products.

83.      Defendants owed a duty of care to Plaintiff to manufacture and design the KT Tape products in order to provide a product that would be safe for Plaintiff to use and would not cause him to suffer personal injury.

84.      Defendants breached that duty of care by designing, manufacturing and selling a product that was not safe for Plaintiff to use and caused him personal injury in the form of a skin irritation.

85.      Plaintiff's injury was a proximate result of Defendants' negligent conduct, as alleged herein.

86.      Defendants were aware of the risk to Plaintiff that using KT Tape would cause him to suffer a skin irritation, and they owed Plaintiff a duty of care to warn him of such a risk.

87.      Defendants breached that duty of care by failing to warn Plaintiff of the risk of injury.

88.      As a proximate result of Defendants' negligent failure to warn, Plaintiff suffered personal injury, as described in more detail herein.

### **Request for Relief**

WHEREFORE, Plaintiff, individually as to his negligence claim and both individually and on behalf of the other members of the Class proposed in this Complaint on all other counts, respectfully requests that the Court order the following relief:

A.      An Order certifying the Class as requested herein;

B.      An Order awarding restitution and disgorgement of Defendants' revenues to Plaintiff and the other members of the proposed Class;

C.      An Order awarding equitable relief, including: enjoining Defendants from continuing the unlawful false advertising practices as set forth herein, directing Defendants to retrieve existing false and misleading advertising and promotional materials, directing Defendants to engage in a corrective advertising campaign, directing Defendants to identify, with Court supervision, victims of their conduct and pay them restitution, and disgorgement of all monies acquired by Defendants by means of any act or practice declared by this Court to be wrongful;

D.      An Order awarding statutory damages or actual damages, whichever results in a greater recovery, and double or treble damages as allowable by law;

E.      An order awarding damages to Plaintiff on his individual personal injury claim;

F.      An Order awarding attorneys' fees and costs to Plaintiff and the other members of the Class; and

G.      Such other and further relief as may be just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.


Dated:  July 7, 2016                                Respectfully submitted,


                                                    **PASTOR LAW OFFICE, LLP**

                                                    /s/ David Pastor
                                                    David Pastor (BBO # 391000)
                                                    63 Atlantic Avenue, 3rd Floor
                                                    Boston, MA 02110
                                                    Telephone:  617-742-9700
                                                    Facsimile:  617-742-9701
                                                    dpastor@pastorlawoffice.com


                                                    **SHEPHERD FINKELMAN
                                                    MILLER & SHAH, LLP**

                                                    /s/ Nathan Zipperian
                                                    Nathan Zipperian
                                                    1640 Town Center Circle, Suite 216
                                                    Weston, FL 33326
                                                    Telephone:  954-515-0123
                                                    Facsimile:  (866) 300-7367
                                                    nzipperian@sfmslaw.com

**LEONARD LAW OFFICE, P.C.**

<u>/s/ Preston W. Leonard</u>
Preston W. Leonard (BBO #680991)
63 Atlantic Avenue, 3rd Floor
Boston, MA 02110
Telephone:  617-329-1295
pleonard@theleonardlawoffice.com

**Counsel for Plaintiff and the Class**