# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEXANDER VUCKOVIC, Individually and On Behalf of All Others Similarly Situated, <br><br>                                 Plaintiff, <br><br>     v. <br><br> KT HEALTH HOLDINGS, LLC and KT HEALTH, LLC, <br><br>                                 Defendants. | Civil Action No. 1:15–cv–13696–GAO |

## ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT, PRELIMINARILY CERTIFYING THE CLASS, DIRECTING NOTICE TO THE CLASS, AND SCHEDULING FAIRNESS HEARING

The Parties have submitted a Joint Motion for Preliminary Approval of Proposed Settlement, Preliminary Class Certification, Approval of Form and Manner of Notice, and to set Fairness Hearing ("Preliminary Approval Motion"), pursuant to the terms of the May 24, 2017 Settlement Agreement reached by the parties and presented to the Court for approval ("Settlement Agreement"). After consideration of the Settlement Agreement and the exhibits annexed thereto, and after due deliberation and consideration of the totality of the circumstances and the record, and for good cause shown, it is hereby **ORDERED, ADJUDGED, and DECREED** as follows:

1.     **Defined Terms**: This Court adopts the defined terms set forth in Section II. of the Settlement Agreement for purposes of this Order, unless otherwise specified herein.

2.     **Preliminary Approval of Settlement**: The Court finds for the purposes of preliminary approval that the proposed settlement, as set forth in the Parties' Settlement Agreement, appears fair, reasonable, adequate, and potentially of benefit to the Class. The court

further finds that the Settlement was entered into by experienced counsel negotiating at arms' length. The court therefore preliminarily approves the proposed Settlement.

3. **Conditional Certification for Settlement Purposes**: For purposes of Settlement, pursuant to Federal Rule of Civil Procedure 23, the Class is conditionally certified as follows:

> All persons who purchased KT Tape in the United States during the period from October 30, 2011 through November 3, 2017. Excluded from the Class are a) KT's Board members or executive-level officers, including its attorneys; (b) persons or entities who purchased one or more packages of KT Tape primarily for the purpose of resale; (c) distributors or re-sellers of KT Tape; (d) the judge and magistrate judge and their immediate families presiding over the Action; and (e) persons or entities who or which timely and properly exclude themselves from the Class as provided in this Agreement.

Alexander Vuckovic is conditionally certified as the representative of the Class defined above, and Pastor Law Office, LLP; Leonard Law Office, PC and Shepherd Finkelman Miller & Shah, LLP are appointed as Class Counsel. This conditional certification of the Class and Class Representative, and appointment of Class Counsel, are solely for purposes of effectuating the proposed Settlement. If the Settlement Agreement is terminated or is not consummated for any reason, the foregoing conditional certification of the Class and appointment of the Class Representative and Class Counsel shall be void and of no further effect, and the parties to the proposed Settlement shall be returned to the status each occupied before entry of this Order, without prejudice to any legal argument that any of the parties to the Settlement Agreement might have asserted but for the Settlement Agreement.

Based on the Court's review of the Preliminary Approval Motion and supporting materials, the Court conditionally finds that the proposed Class satisfies Rule 23 of the Federal Rules of Civil Procedure in that:

a. The Class, which consists of thousands of individuals, is so numerous that joinder of all persons who fall within the Class definition is impracticable;

2

b.      The commonality requirement is satisfied where members of the Class share at least one common legal or factual issue. Here, there are questions of law and fact common to the Class, including allegations concerning KT's statements and representations in connection with the sale of KT Tape;

c.      The claims of the Class Representative are typical of the claims of the Class; and

d.      The Class Representative will fairly and adequately represent and protect the interests of the Class and is represented by qualified counsel who are competent to represent the Class.

The Court further conditionally finds that the proposed Class satisfies Rule 23(b)(3) of the Federal Rules of Civil Procedure, which requires that common issues predominate and that a class action is superior to other available methods for the fair and efficient resolution of this controversy. The Court notes that because the litigation is being settled, rather than litigated, it need not consider the manageability issues that would be presented by this litigation. *Amchem Prods. Inc. v. Windsor,* 117 S. Ct. 2231, 2240 (1997).

4.      **Final Approval Hearing**: A Final Approval Hearing shall take place before the undersigned, the Honorable George A. O'Toole, Jr., at 10:00 a.m., on June 6, 2018 to determine:

a.      whether the Court should finally certify the Class and appoint the Class Representative and Class Counsel to represent the Class;

b.      whether the proposed Settlement, on the terms and conditions provided for in the Settlement Agreement, should be finally approved by the Court as fair, reasonable, and adequate;

c. whether the Released Claims of the Class members in the Action should be dismissed on the merits and with prejudice;

d. whether the application for attorneys' fees and expenses submitted by Class Counsel should be approved;

e. whether the application for an incentive award to the Class Representative should be approved; and

f. such other matters as the Court may deem necessary or appropriate.

5. **Approval with Modifications**: The Court may finally approve the proposed Settlement Agreement at or after the Final Approval Hearing with any modifications agreed to by KT and the Class Representative and without further notice to the Class.

6. **Right to Appear and Object**: Any Class member who has not timely and properly provided notice of an election to opt out of the Class and the proposed Settlement in the manner set forth below may appear at the Final Approval Hearing in person or by counsel and be heard, to the extent allowed by the Court, either in support of or in opposition to the matters to be considered at the hearing; provided, however, that no Class member who has elected to opt out of the Settlement shall be entitled to object; and provided further that no person shall be heard, and no papers, briefs, or other submissions shall be considered by the Court in connection with its consideration of those matters, unless such person complies with the following:

a. Any objection must be submitted in writing, must be filed with the Court, and must be served by mail on Class Counsel and Defendants' Counsel at the addresses set forth in the Class Notice, no later than May 16, 2018.

b. Class members may object either on their own or through an attorney hired at their own expense. If a Class member hires an attorney to represent him or her at the Final

Approval Hearing, he or she must do so at his or her own expense. No Class member represented by an attorney shall be deemed to have objected to the Settlement Agreement unless an objection signed by the Class Member is also filed and served on or before May 16, 2018.

        c.     Any objection regarding or related to the Settlement Agreement or the Settlement shall contain: (1) a caption or title that identifies it as "Objection to Class Settlement in *Alexander Vuckovic, Individually and On Behalf of All Others Similarly Situated v. KT Health Holdings, LLC and KT Health, LLC,* C.A. No. 15–cv–13696–GAO; (2) information sufficient to identify the objecting Class Member, including the objecting Class Member's name, address, telephone number, email address, and the contact information for any attorney retained by the Class Member in connection with the objection; (3) a clear, concise, and detailed statement of each objection the Class Member is making, the facts supporting each objection, the legal basis on which each objection is based, and the relief the objecting Class Member is requesting; (4) a statement of whether the objecting Class Member intends to appear, either in person or through counsel, at the Final Approval Hearing; (5) if the objecting Class Member objects through or intends to appear through counsel, the counsel's name, address, phone number, email address, state bar(s) to which the counsel is admitted, and any Points and Authorities in support of the objecting Class Member's objections upon which the objecting Class Member will rely; and (6) a list of and copies of all exhibits that the objecting Class Member may seek to use at the Final Approval Hearing. If the objecting Class Member intends to request the Court allow the Class Member to call witnesses at the Final Approval Hearing, the objecting Class Member must provide a list of any such witnesses together with a brief summary of each witness' expected testimony on or before May 16, 2018.

        d.     Any Class Member who fails to comply with the Procedures for Presenting

Objections described in Paragraph c. above shall waive and forfeit any and all rights he or she may have to appear separately and/or to object, and shall be bound by all the terms of this Settlement upon Final Approval and by all proceedings, orders and judgments, including, but not limited to, the Release, in the Actions.

      e.      Any Class Member who objects to the Settlement shall be entitled to all of the benefits of the Settlement upon Final Approval, as long as the objecting Class Member complies with all requirements of the Settlement applicable to Class Members, including the timely submission of Claim Forms and other requirements discussed herein.

      7.      **Notice**.  After the Court enters its order granting Preliminary Approval of the Settlement, class notice informing Class Members of their rights under the Settlement, and of their ability to elect not to participate and to object, will be provided to all Class Members as follows:

      a.      Class Member Addresses:  Not later than seven (7) days after the entry of the Preliminary Approval Order, KT shall provide to the Class Action Settlement Administrator any Class member email addresses and/or street addresses within its possession or reasonably obtainable by it, for use in providing individual Notice to reasonably identifiable Class members.

      b.      Payment of Media Purchase Costs:  Within seven (7) days of the entry of the Preliminary Approval Order, Defendants shall pay to the Class Action Settlement Administrator the sum of $80,000.00, in order to enable the Settlement Administrator to purchase the media necessary for the dissemination of the Class Notice.

      c.      Summary Email Notice:  Commencing on November 17, 2017, the Settlement Administrator will email the Summary Notice (substantially in the form attached as

**Exhibit G** to the Settlement Agreement) to each Class member for whom an email address is available.

        d.      Direct Mail Notice: Commencing on November 17, 2017, the Settlement Administrator will mail the Direct Mail Notice (substantially in the form attached as **Exhibit C** to the Settlement Agreement) to each Class member for whom a mailing address is available, but for whom no email address is available.

        e.      Electronic Notice: Commencing on November 17, 2017, The Settlement Administrator shall commence a program of electronic notice (described in more detail in the Settlement Administrator's Declaration), consisting of: a targeted mix of desktop and mobile banner notification advertisements placed on selected websites, including running/cycling/fitness websites and websites directed at athletes and people with an active lifestyle; notification advertisements on social media (such as Facebook), targeted to athletes and an active population; and paid keyword search advertisements through search engines (Google, Yahoo and Bing). This electronic media program shall continue for a period of thirty (30) days.

        f.      Class Notice: On or before November 17, 2017, the Settlement Administrator will post a copy of the Class Notice (substantially in the form attached as **Exhibit B** to the Settlement Agreement) on the Settlement website and it shall remain posted until ten (10) days after completion of final distribution to the Class.

        1.      The costs of providing notice and of settlement administration shall be paid as set forth in the Settlement Agreement. The Court finds that the form and method of providing notice is the best practicable under the circumstances and, if carried out, shall constitute due and sufficient notice of the Settlement Agreement under Federal Rule of Civil Procedure 23 and the Due Process Clause of the United States Constitution. On or before November 10, 2017,

Defendants shall pay to the Settlement Administrator the sum of $80,000, to cover the Settlement Administrator's initial out of pocket costs for providing the notice.

On or before November 10, 2017, Defendants shall provide to the Settlement Administrator the email addresses and/or street addresses of those Class members for whom Defendants have such information available, in order to enable the Settlement Administrator to provide individual notice to those Class members.

8.    **Administration**.  The court approves the parties' selection of Dahl Administration as Settlement Administrator, with the responsibilities set forth in the Settlement Agreement.

9.    **Ability of Class Members to Opt Out**.  All putative Class Members who wish to opt out of the Class must do so by sending a written request for exclusion to Class Counsel and Defense Counsel by first-class mail as outlined in the Class Notice, signed by the putative Class Member, and providing all required information.  To be considered timely, and thereby effectively exclude a person from the Class, the envelope delivering a completed opt out request must be received no later than May 16, 2018 (the "Opt Out Deadline").  At the Final Approval Hearing, Class Counsel and Defendants' Counsel shall file an Affidavit or Declaration attaching a final list of all opt out requests filed by the Opt Out Deadline.

Any Class member who does not properly and timely request exclusion from the Class shall be included in such Class and, if the proposed Settlement is approved and becomes effective, shall be bound by all the terms and provisions of the Settlement Agreement, including but not limited to the releases, waivers, and covenants not to sue described therein, whether or not such person shall have objected to the Settlement.

10.    **Appearance by Class Member**.  Any Class Member may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own

choice. Any Class Member who does not enter an appearance will be represented by Class Counsel.

11. **Additional Filing Deadlines:** Class Counsel shall file their application for attorneys' fees and expenses on or before May 9, 2018. All papers in support of final settlement approval shall be filed with the Court on or before May 23, 2018. The declaration from the Settlement Administrator, confirming that notice to the Class has been provided in accordance with the Settlement Agreement and with this Order, shall be filed with the Court on or before May 23, 2018.

12. **Discovery and Other Litigation Activity.** All discovery and other litigation activity in the Action is hereby stayed pending a decision on Final Approval of the Settlement.

13. **No Admission.** Neither the Settlement nor the Settlement Agreement shall constitute an admission, concession, or indication of the validity of any claims or defenses in the Lawsuit, or of any wrongdoing, liability or violation by KT, which vigorously denies all of the claims and allegations raised in the Lawsuit.

**SO ORDERED** on this 3rd day of November, 2017.

/s/ George A. O'Toole, Jr.
The Honorable George A. O'Toole, Jr.
United States District Judge