UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEXANDER VUCKOVIC, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>KT HEALTH HOLDINGS, LLC and KT HEALTH, LLC,<br><br>Defendants. | Civil Action No. 1:15–cv–13696–GAO |

## ORDER GRANTING
## FINAL APPROVAL TO CLASS ACTION SETTLEMENT

The Court has (1) reviewed and considered the terms and conditions of the proposed Settlement as set forth in the Settlement Agreement dated May 24, 2017; (2) reviewed and considered the motion of Class Counsel for an award of attorneys' fees and expenses, and a class representative incentive award; (3) held a Fairness Hearing after being satisfied that notice to the Class has been provided in accordance with the Court's Order Granting Preliminary Approval of Proposed Settlement, Preliminarily Certifying the Class, Directing Notice to the Class, and Scheduling Fairness Hearing [Dkt. No. 50] ("Preliminary Approval Order") entered on November 3, 2017; (4) taken into account the presentations and other proceedings at the Fairness Hearing; and (5) considered the Settlement in the context of all prior proceedings had in the Action. Accordingly, the Court enters the following FINDINGS and CONCLUSIONS:

A. Capitalized terms used in this Order that are not otherwise defined herein

shall have the meaning assigned to them in the Settlement Agreement.

B.  The Court has subject-matter jurisdiction over the Action and all acts within the Action, and over all the parties to the Action, including all members of the Class.

C.  The Class conditionally certified in the Preliminary Approval Order has been appropriately certified for settlement purposes. Class Counsel and the Class Representative have fairly and adequately represented the Class for purposes of entering into and implementing the Settlement.

D.  The notice to putative Class Members was comprised of individual emailed or mailed notice to all known Class Members and a program of electronic notice and other steps taken to provide notice to unknown Class Members. The Court finds that this notice (i) constituted the best notice practicable under the circumstances, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise the putative Class Members of the pendency of the Action, and of their right to object and to appear at the Fairness Hearing or to exclude themselves from the Settlement, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) fully complied with due process principles and Federal Rule of Civil Procedure 23.

E.  The Court has held a Fairness Hearing to consider the fairness, reasonableness, and adequacy of the Settlement.

F.  The Settlement is the product of good faith, arm's-length negotiations between the Class Representative and Class Counsel, on the one hand, and Defendants and their counsel, on the other hand.

G.  The Settlement, as provided for in the Settlement Agreement, is in all respects fair, reasonable, adequate, and proper, and in the best interests of the Class. In reaching this

conclusion, the Court considered a number of factors, including: (1) the complexity, expense and likely duration of the Action; (2) the reaction of the Class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the Defendant to withstand a greater judgment; (8) the range of reasonableness of the Settlement Fund in light of the best possible recovery; (9) the range of reasonableness of the Settlement Fund to a possible recovery in light of all the attendant risks of litigation. *See In re Lupron Mktg. & Sales Practices Litig.*, 228 F.R.D. 75, 94 (D. Mass. 2005).

H.  Two putative Class Members (identified on the attached **Exhibit 1**) have timely elected to opt out of the Settlement and the Class. All Class Members (as permanently certified below) (with the exception of those identified on **Exhibit 1**) shall be subject to all of the provisions of the Settlement, the Settlement Agreement, this Order, and Final Judgment to be entered by the Clerk of the Court.

I.  The Court has considered the objections of Pamela Sweeney and overrules them for the reasons stated on the record in open court.

On the basis of the foregoing findings and conclusions, as well as the submissions and proceedings referred to above, **NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

### Certification of Class and Approval of Settlement

1.  The Settlement and the Settlement Agreement are hereby approved as fair, reasonable, adequate, and in the best interests of the Class, and the requirements of due process and Federal Rule of Civil Procedure 23 have been satisfied. The parties are ordered and directed to comply with the terms and provisions of the Settlement Agreement.

2.     The Court having found that each of the elements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) are satisfied, for purposes of settlement only, the Class is permanently certified pursuant to Federal Rule of Civil Procedure 23, on behalf of the following persons:

> All persons who purchased KT Tape in the United States during the period from October 30, 2011 through November 3, 2017. Excluded from the Class are a) KT's Board members or executive-level officers, including its attorneys; (b) persons or entities who purchased one or more packages of KT Tape primarily for the purpose of resale; (c) distributors or re-sellers of KT Tape; (d) the judge and magistrate judge and their immediate families presiding over the Action; and (e) persons or entities who or which timely and properly exclude themselves from the Class as provided in this Agreement.

The Court readopts and incorporates herein by reference its preliminary conclusions as to the satisfaction of Rules 23(a) and (b)(3) set forth in the Preliminary Approval Order and notes again that because this certification of the Class is in connection with the Settlement rather than litigation, the Court need not address any issues of manageability that may be presented by certification of the class proposed in the Settlement.

3.     For purposes of Settlement only, the named Plaintiff is certified as representative of the Class and Class Counsel are appointed counsel to the Class. The Court concludes that Class Counsel and the Class Representative have fairly and adequately represented the Class with respect to the Settlement and the Settlement Agreement.

4.     Notwithstanding the certification of the foregoing Class and appointment of the Class Representative for purposes of effecting the Settlement, if this Order is reversed on appeal or the Settlement Agreement is terminated or is not consummated for any reason, the foregoing certification of the Class and appointment of the Class Representative shall be void and of no further effect, and the parties to the proposed Settlement shall be returned to the status each

occupied before entry of this Order without prejudice to any legal argument that any of the parties to the Settlement Agreement might have asserted but for the Settlement Agreement.

### Release and Injunction

5.      Plaintiff and the other members of the Class, on behalf of themselves, their heirs, guardians, assigns, executors, administrators, predecessors, and/or successors, will fully, finally and forever release, relinquish, acquit, and discharge the Released Parties (as defined in the Settlement Agreement), including James Harden, Kerri Walsh, Meb Keflezighi, Kerri Strug, Adeline Gray, Haley Anderson, Oksana Masters, Sarah Hammer, Boris Berian, Molly Huddle, Brenda Martinez, Tony Azevedo, Joe Berenyi, Melissa Stockwell, Julia Mancuso, DeMarcus Cousins, Bryan Bros, Megan Rapinoe, Mia Manganello, Chloe Owens, Tucker Dupree, Tiki Barber, Matt McElroy, Thomas Hong – and shall not now or hereafter institute, maintain, or assert on their own behalf, on behalf of the Class or on behalf of any other person or entity – from any and all manner of claims, actions, causes of action, suits, rights, debts, sums of money, payments, obligations, reckonings, contracts, agreements, executions, promises, damages, liens, judgments and demands of whatever kind, type or nature and whatsoever, both at law and in equity, whether past, present or future, mature or not yet mature, known or unknown, suspected or unsuspected, contingent or noncontingent, whether based on federal, state or local law, statute, ordinance, regulation, code, contract, common law, or any other source, or any claim that Plaintiff or Class members ever had, now have, may have, or hereafter can, shall or may ever have against the Released Parties in any other court, tribunal, arbitration panel, commission, agency, or before any governmental and/or administrative body, or any other adjudicatory body, on the basis of, connected with, arising from or in any way whatsoever relating to the purchase and use of KT Tape during the Class Period and the claims alleged in the Complaint, and, more

particularly, but without in any way limiting the generality of the foregoing, arising from, directly or indirectly, or in any way whatsoever pertaining or relating to the claims alleged in the Complaint, including, but not limited to, communications, disclosures, nondisclosures, representations, statements, claims, omissions, messaging, design, testing, marketing, advertising, promotion, packaging, displays, brochures, studies, manufacture, distribution, operation, performance, functionality, notification, providing, offering, dissemination, replacement, sale and/or resale by the Released Parties of the KT Tape; any claims for rescission, restitution or unjust enrichment for all damages of any kind; violations of any state's deceptive, unlawful and/or unfair business and/or trade practices, false, misleading or fraudulent advertising, consumer fraud and/or consumer protection statutes; any violation of the Uniform Commercial Code, any breaches of express, implied and/or any other warranties, any similar federal, state or local statutes, codes, damages, costs, expenses, extra-contractual damages, compensatory damages, exemplary damages, special damages, penalties, punitive damages and/or damage multipliers, disgorgement, declaratory relief, expenses, interest, and/or attorneys' fees and costs against the Released Parties pertaining to or relating to the claims alleged in the Complaint, notwithstanding that Plaintiff and the Class acknowledge that they may hereafter discover facts in addition to or different from those that they now know or believe to be true concerning the subject matter of the Actions and/or the Release herein.

    6.    The Class Members are permanently enjoined from filing, commencing, prosecuting, intervening in, participating in as class members or otherwise, or receiving any benefits or other relief from, any other lawsuit in any state, territorial or federal court, or any arbitration or administrative or regulatory or other proceeding in any jurisdiction, which asserts claims based on or in any way related to the Released Claims. In addition, Class Members are

enjoined from asserting as a defense, including as a set-off or for any other purpose, any argument that if raised as an independent claim would be a Released Claim.

### Attorneys' Fees and Expenses and Incentive Award

7. The Court has reviewed the application for an award of fees, costs, and expenses submitted by Class Counsel and the exhibits, memoranda of law, and other materials submitted in support of that application. The Court recognizes that Defendants have taken no position on the application for a class representative incentive award and an award of attorneys' fees and costs. Class Counsel are skilled and experienced attorneys who efficiently prosecuted this action.

On the basis of its review of the foregoing, the Court finds that Class Counsel's request for attorneys' fees and expenses is fair, reasonable, and appropriate and hereby awards fees in the sum of $ 583,333.33 _ and expenses to Class Counsel in the sum of $ 17,510.75 and an incentive award to the named Plaintiff in the amount of $ 5,000       , to be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

### Other Provisions

8. Within five (5) days of the Effective Date (as defined in the Settlement Agreement), Defendants shall pay to the Settlement Administrator the Settlement Fund of $1,750,000 (less any amounts paid for notice and administration expenses). Within ten (10) days of the Effective Date, the Settlement Administrator shall pay the court approved incentive award to Plaintiff and the court approved payment of fees and expenses to Class Counsel. Any fees incurred, billed or charged and not previously paid, shall be paid to the Settlement Administrator from the Settlement Fund without further order of the Court.

9. Neither the Settlement Agreement nor any provision thereof, nor any negotiations, statements or proceedings in connection therewith shall be construed as, or be deemed to be

evidence of, an admission or concession on the part of the Plaintiff, any Class Member, Defendant, or any other person of any liability or wrongdoing by them, or that the claims and defenses that have been, or could have been, asserted in the Lawsuit are or are not meritorious, and this Order, the Settlement Agreement or any such communications shall not be offered or received in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Plaintiff, any Class Member, or any other person has suffered any damage; *provided, however,* that the Settlement Agreement, this Order, and the Final Judgment to be entered thereon may be filed in any action by Defendants or Class Members seeking to enforce the Settlement Agreement or the Final Judgment by injunctive or other relief, or to assert defenses including, but not limited to, *res judicata*, collateral estoppel, release, good faith settlement, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Settlement Agreement's terms shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims and other prohibitions set forth in this Order that are maintained by, or on behalf of, the Class Members or any other person subject to the provisions of this Order.

10. In the event that the Settlement Agreement does not become effective or is canceled or terminated in accordance with the terms and provisions of the Settlement Agreement, then this Order and the Final Judgment shall be rendered null and void and be vacated and all orders entered in connection therewith by this Court shall be rendered null and void.

### Dismissal; Continuing Jurisdiction

11. The Action and the claims alleged therein are hereby ordered dismissed with prejudice.

12.  Without in any way affecting the finality of this Order and the Final Judgment, this Court hereby retains jurisdiction as to all matters relating to (a) the interpretation, administration, and consummation of the Settlement Agreement and (b) the enforcement of the injunctions described in paragraph 6 of this Order.

**SO ORDERED** on this 6th day of June, 2018.

/s/ George A. O'Toole, Jr.
_____
The Honorable George A. O'Toole, Jr.
United States District Judge

# EXHIBIT 1

## LIST OF CLASS MEMBER EXCLUSIONS

*Vuckovic v. KT Health Holdings LLC, et al.*, No. 15-cv-13696-GAO

The following persons timely and properly requested exclusion from the Class:

1. Kathryn M. Allen
   P.O. Box 648
   Parkman, Ohio 44080-0648

2. Rita Boddy
   8320 234th Street, SW
   Edmunds, Washington 98026